1 | BENJAMIN B. WAGNER
United States Attorney
2 | LEE S. BICKLEY
Assistant U.S. Attorney
3 | 501 I Street, Suite 10-100
Sacramento, California 95814
4 | Telephone: (916) 554-2727



**FILED**

APR -7 2011

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
                    DEPUTY CLERK

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,      )    Case No. 2:11-mj-0090 GGH
                                   )
12 |                Plaintiff,     )    MOTION AND (Proposed) ORDER FOR
                                   )    DEFENDANT SHAREEF HASAN
13 |           v.                  )    HASTINGS TO REMAIN IN THE
                                   )    CUSTODY OF THE FEDERAL BUREAU
14 | SHAREEF HASAN HASTINGS,       )    OF PRISONS
                                   )
15 |                Defendant.     )
                                   )
16 | _____)

17                           Motion

18        Upon the Judgement and Sentencing for Conspiracy to Commit Bank

19   Fraud ordered by the Honorable Saundra B. Armstrong, United States

20   District Judge for the Northern District of California on May 29,

21   2007;  the Judgment and Sentencing for Escape from Custody ordered

22   by the Honorable Claudia Wilken, United States District Judge for

23   the Northern District of California on February 6, 2009; and the

24   attached Declaration of Mark P. Wilfing, Community Corrections

25   Manager for the Federal Bureau of Prisons in Sacramento, California,

26   the United States moves that Shareef Hasan Hastings remain in the

27   //

28   //

                              1

1 custody of the Federal Bureau of Prisons to serve the remaining time
2 on his sentence.

3 DATED: April 6, 2011                     BENJAMIN B. WAGNER
                                          United States Attorney
4

5                                    By:    /s/ Lee S. Bickley
                                           Lee S. Bickley
6                                          Assistant U.S. Attorney

7

8
                                     ORDER
9
        The government's request is HEREBY GRANTED.   Shareef Hasan
10
   Hastings is to remain in the custody of the Federal Bureau of
11
   Prisons until his release date.
12
   Dated: April __7__, 2011        _____
13                                      Dale A. Drozd
                                        United States Magistrate Judge
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                     2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States, | ) |
|     Petitioner, | ) |
| | ) |
| | ) |
|     v. | ) Case No. 2:11-mj-00090-GGH |
| | ) |
| | ) |
| Shareef Hasan Hastings, | ) |
| | ) |
|     Respondent. | ) |

## DECLARATION OF MARK WILFING

I, Mark Wilfing, hereby declare and state the following:

1. I have been assigned to review Shareef Hasan Hastings' sentence computation. I have worked for the Bureau of Prisons since November 13, 1994. I am currently employed as Community Corrections Manager in Sacramento, California. I have reviewed the sentence computation.

2. My review indicates the following:

3. On May 22, 2007, Mr. Hastings was sentenced in the Northern District of California to a 41-month sentence with 5 years of supervised release for "Conspiracy to Commit Bank Fraud." See Attachment 1, Judgment in Criminal Case. Mr. Hastings was ordered to serve his sentence in the Federal Bureau of Prisons (BOP). Id.

4. While serving his sentence for "Conspiracy to Commit Bank Fraud," Mr. Hastings escaped BOP custody by walking away from his half-way house on October 5, 2008. (Cornell Companies Residential Re-entry Center (RRC). See Attachment 2, Inmate History Sheet Adm.-

1

Rel. This resulted in Mr. Hastings being charged with "Escape from Custody." See Attachment 3, Judgment in Criminal Case.

5. On February 4, 2009, Mr. Hastings was sentenced to a term of 12-months and 1-day for "Escape from Custody," Id. Mr. Hastings total sentence was then aggregated to 53-Months and 1-day.

6. Following his return to BOP custody, on October 29, 2009, Mr. Hastings was once again found to be eligible for transfer to the Cornell Companies Residential Reentry Center, and he was furloughed on that date. See Attachment 4, Furlough Application-Approval and Record.

7. Following Mr. Hastings successful transfer to the RRC, he was subsequently transferred to serve the remainder of his sentence on home confinement on February 4, 2010. See Attachment 2, Inmate History Sheet Adm.-Rel. At this point, Mr. Hastings' sentence was set to expire, and he was scheduled to be released from custody on April 17, 2010, via Good Conduct Time release. See Attachment 5, Sentence Monitoring Computation Data as of October 14, 2009.

8. Following his transfer to home confinement, on April 4, 2010, Mr. Hastings was arrested by the Roseville Police Department on suspicion of "Possessing, Receiving, or Uttering Forged Notes." See Attachment 6, Roseville Police Department Supplemental Report. At this point in time, Mr. Hastings still had 13 days remaining on his federal sentence. However, Mr. Hastings arrest interrupted the time served on his federal sentence because State authorities had primary custody.

9. Upon completion of his State sentence on March 30, 2011, Mr. Hastings was arrested by the U.S. Marshal's Service for completion of his federal sentence. See Attachment 7, United States Marshal's Service Prisoner Tracking System Report. Mr. Hastings is currently being housed at the Sacramento County Main Jail awaiting the expiration of his federal sentence. Id.

2

10. Mr. Hastings currently is scheduled to be released from the Federal Bureau of Prisons custody on April 11, 2011 via Good Conduct Time release. See Attachment 8, Sentence Monitoring Computation Data as of April 4, 2011. Mr. Hastings original release date was interrupted by his arrest and conviction by State authorities. Upon his parole from the California Department of Corrections, Mr. Hastings still had 12 days remaining on his federal sentence that were not credited by his time in State custody. Accordingly, the BOP has proper custody of Mr. Hastings until April 11, 2011. Id.

11. I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my information, knowledge and belief. Executed this __6__ day of April, 2011, at Sacramento, California.

Mark Wilfing, Community Corrections Manager
Federal Bureau of Prisons
Community Corrections Office
501 "I" Street, Suite 9-400
Sacramento, CA 95814

3

**Attachments:**

1. Judgment in Criminal Case
2. Inmate History Sheet Adm.-Rel.
3. Judgment in Criminal Case
4. Furlough Application-Approval and Record
5. Sentence Monitoring Computation Data as of October 14, 2009
6. Roseville Police Department Supplemental Report
7. United States Marshal's Service Prisoner Tracking System Report
8. Sentence Monitoring Computation Data as of April 4, 2011

Case 2:11-mj-00090-GGH   Document 4   Filed 04/07/11   Page 7 of 41
Case 2:11-mj-00090-GGH   Document 2-1   Filed 04/06/11   Page 5 of 39

Case 4:06-cr-00336-SBA   Document 140   Filed 05/29/2007   Page 1 of 7

AO 245B (Rev. 6/05 - Judgment in a Criminal Case

# United States District Court
## Northern District of California

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| SHAREEF HASAN HASTINGS | USDC Case Number: CR-06-00336-001 SBA |
| | BOP Case Number: DCAN406CR000336-001 |
| | USM Number: 97778-011 |
| | Defendant's Attorney :JOYCE LEAVITT |

## THE DEFENDANT:

[x]  pleaded guilty to count(s): one of the Indictment.
[ ]  pleaded nolo contendere to count(s) ___ which was accepted by the court.
[ ]  was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1349 | CONSPIRACY TO COMMIT BANK FRAUD | JANUARY 2006 | ONE |

The defendant is sentenced as provided in pages 2 through _7_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has been found not guilty on count(s) ___.

[x]  Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

May 22, 2007
Date of Imposition of Judgment

_Saundra B. Armstrong_
Signature of Judicial Officer

Honorable Saundra B. Armstrong, U. S. District Judge
Name & Title of Judicial Officer

5/29/07
Date

Case 4:06-cr-00336-SBA   Document 140   Filed 05/29/2007   Page 2 of 7

AO 245B (Rev. 12/03) (CAND Rev. 3/07) Judgment in a Criminal Case/Sheet 2 - Imprisonment

| | | |
|---|---|---|
| **DEFENDANT:** | **SHAREEF HASAN HASTINGS** | Judgment - Page 2 of 7 |
| **CASE NUMBER:** | **CR-06-00336-001 SBA** | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of _forty-one (41) months_.

[x]   The Court makes the following recommendations to the Bureau of Prisons:
That the defendant participate in the BOP's 500 Hour Drug Treatment Program

[x]   The defendant is remanded to the custody of the United States Marshal. The appearance bond is hereby exonerated.

[ ]   The defendant shall surrender to the United States Marshal for this district.

    [ ] at ___ [] am [] pm on ___.
    [ ] as notified by the United States Marshal.

The appearance bond shall be deemed exonerated upon the surrender of the defendant.

[ ]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    [ ] before 2:00 pm on ___.
    [ ] as notified by the United States Marshal.
    [ ] as notified by the Probation or Pretrial Services Office.

The appearance bond shall be deemed exonerated upon the surrender of the defendant.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on_____ to _____

at _____, with a certified copy of this judgment.

                             **UNITED STATES MARSHAL**

               **By** _____
                         **Deputy United States Marshal**

Case 4:06-cr-00336-SBA   Document 140   Filed 05/29/2007   Page 3 of 7

AO 245B (Rev. 12/03) Judgment in a Criminal Case Sheet 3 - Supervised Release

| DEFENDANT: | SHAREEF HASAN HASTINGS | Judgment - Page 3 of 7 |
|---|---|---|
| CASE NUMBER: | CR-06-00336-001 SBA | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _five (5) years_.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

[ ] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check if applicable.)

[x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ] The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions in this judgment.

## STANDARD CONDITIONS

1) The defendant shall not leave the judicial district without permission of the court or probation officer;
2) The defendant shall report to the probation officer, and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependants and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 4:06-cr-00336-SBA   Document 140   Filed 05/29/2007   Page 4 of 7

AO 245B (Rev. 12/03) Judgment in a Criminal Case Sheet 3 - Supervised Release

DEFENDANT:      SHAREEF HASAN HASTINGS                    Judgment - Page 4 of 7
CASE NUMBER:    CR-06-00336-001 SBA

## SPECIAL CONDITIONS OF SUPERVISION

1. The Defendant shall pay any restitution and special assessment that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release.

2. The Defendant shall provide the probation officer with access to any financial information, including tax returns, and shall authorize the probation officer to conduct credit checks and obtain copies of income tax returns.

3. The Defendant shall not open any new lines of credit or incur new debt without the prior permission of the probation officer.

4. The Defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as the Defendant is released from treatment by the probation officer. The Defendant is to pay part or all of the cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. Payments shall never exceed the total cost of urinalysis and counseling. The actual co-payment schedule shall be determined by the probation officer.

5. The Defendant shall participate in a mental health treatment program, as directed by the probation officer. The Defendant is to pay part or all of the cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. Payments shall never exceed the total cost of mental health counseling. The actual co-payment schedule shall be determined by the probation officer.

6. The Defendant shall submit his person, residence, office, vehicle or any property under his control to a search. Such a search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to such a search may be grounds for revocation. The Defendant shall warn any residents that the premises may be subject to searches.

7. The Defendant shall not possess any false identification and shall provide his true identity at all times.

8. The Defendant shall not attempt to legally change his name without the prior permission of the probation officer.

9. The Defendant shall not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons.

10. The Defendant shall cooperate in the collection of DNA as directed by the probation officer.

Case 4:06-cr-00336-SBA   Document 140   Filed 05/29/2007   Page 5 of 7

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - sheet 5 - Schedule of Payments

| DEFENDANT: | SHAREEF HASAN HASTINGS | Judgment - Page 5 of 7 |
|---|---|---|
| CASE NUMBER: | CR-06-00336-001 SBA | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ | $ 193,000.00 |

[ ]   The determination of restitution is deferred until _. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[x]   The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Wells Fargo Bank | | $193,000.00 | |
| Totals: | $ _ | $ 193,000.00 | |

[ ]   Restitution amount ordered pursuant to plea agreement $ _

[ ]   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6, may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ]   The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    [ ]   the interest requirement is waived for the   [ ] fine  [ ] restitution.

    [ ]   the interest requirement for the   [ ] fine  [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case 4:06-cr-00336-SBA   Document 140   Filed 05/29/2007   Page 6 of 7

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - Sheet 6 - Schedule of Payments

| | |
|---|---|
| DEFENDANT: **SHAREEF HASAN HASTINGS** | Judgment - Page 6 of 7 |
| CASE NUMBER: CR-06-00336-001 SBA | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  [x]  Lump sum payment of $193,100.00 due immediately, balance due

    [ ]  not later than _____, or

    [ ]  in accordance with ( ) C, ( ) D, ( ) E or ( ) F below; or

B  [x]  Payment to begin immediately (may be combined with ( ) C,  ( ) D, or ( x ) F below); or

C  [ ]  Payment in equal     (e.g. weekly, monthly, quarterly) installments of $ _ over a period of __ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D  [ ]  Payment in equal     (e.g. weekly, monthly, quarterly) installments of $ _ over a period of __ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  [ ]  Payment during the term of supervised release will commence within (e.g. 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  [x]  Special instructions regarding the payment of criminal monetary penalties: IT IS FURTHER O.R  RED THAT the Defendant shall pay to the United States a special assessment of $100.00 which shall be due imme: ately. While incarcerated, payment of criminal monetary penalties are due at the rate of not less than $25 per quarter and shall begin under the Bureau of Prisons Inmate Financial Responsibility Program.  Payments shall be made to the Clerk of the U.S. District Court, 450 Golden Gate Ave., Box 36060, San Francisco, California 94102.

    IT IS FURTHER ORDERED and the Court FINDS that the Defendant does not have the ability to pay a fine and therefore the fine is waived.

    IT IS FURTHER ORDERED that the Defendant shall pay restitution totaling $193,000, which shall be due immediately, to the following victims in the following amounts:

    1.    $193,000 to Wells Fargo Bank.

While incarcerated, payment of restitution is due at the rate of not less than $25 per quarter and shall begin under the Bureau of Prisons Inmate Financial Responsibility Program.  Restitution payments are to be made to the Clerk of the U.S. District Court, Attention: Financial Unit, 450 Golden Gate Ave., Box 36060, San Francisco, California 94102, in the amount of $100 per month during the term of supervised release. The defendant's restitution obligation shall be paid jointly and severally with other defendants in this case to the extent they are found to be legally responsible for the restitution, until full restitution is paid.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Case 4:06-cr-00336-SBA   Document 140   Filed 05/29/2007   Page 7 of 7

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

| DEFENDANT: | SHAREEF HASAN HASTINGS | Judgment - Page 7 of 7 |
|---|---|---|
| CASE NUMBER: | CR-06-00336-001 SBA | |

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

    [x]  Joint and Several

| Defendant and co-defendant Names | Case Numbers (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee (if appropriate) |
|---|---|---|---|---|
| TERRI SCOTT | CR-06-336-02 SBA | $193,000.00 | $193,000.00 | |
| JACKSON GANT | CR-06-336-03 SBA | $193,000.00 | $193,000.00 | |
| AMANDA DE LA MERCED | CR-06-336-04 SBA | $193,000.00 | $193,000.00 | |
| DANIEL ARMSTRONG | CR-06-336-05 SBA | $193,000.00 | $193,000.00 | |

    [ ]  The defendant shall pay the cost of prosecution.

    [ ]  The defendant shall pay the following court cost(s):

    [ ]  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

```
  CSCD4  531.01 *              INMATE HISTORY              *      04-04-2011
  PAGE 001          *              ADM-REL                *      09:40:28

  REG NO..: 97778-011 NAME....: HASTINGS, SHAREEF HASAN
  CATEGORY: ARS          FUNCTION: PRT         FORMAT:

FCL   ASSIGNMENT DESCRIPTION                        START DATE/TIME STOP  DATE/TIME
CSC   A-ADMIN    ADMINISTRATIVE ADMISSION           03-31-2011 1400 CURRENT
CSC   ESC TECH N TECH ESCAPE/NEW CRIMINAL BEHAV     04-04-2010 1548 03-31-2011 1400
CSC   A-HC SENT  HOME CONFINEMENT-SENTENCED         02-04-2010 0630 04-04-2010 1548
2-F   RELEASE    RELEASED FROM IN-TRANSIT FACL      02-04-2010 0930 02-04-2010 0930
2-F   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL     02-04-2010 0929 02-04-2010 0930
CSC   TRANSFER   TRANSFER                           02-04-2010 0629 02-04-2010 0629
CSC   A-DES      DESIGNATED, AT ASSIGNED FACIL      10-30-2009 0125 02-04-2010 0629
8-J   RELEASE    RELEASED FROM IN-TRANSIT FACL      10-30-2009 0425 10-30-2009 0425
8-J   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL     10-29-2009 1403 10-30-2009 0425
VVM   FURL TRANS FURL W/UNESCORTED TRP TO A CCC     10-29-2009 1103 10-29-2009 1103
VVM   A-DES      DESIGNATED, AT ASSIGNED FACIL      05-13-2009 1849 10-29-2009 1103
B13   RELEASE    RELEASED FROM IN-TRANSIT FACL      05-13-2009 2149 05-13-2009 2149
B13   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL     05-13-2009 1245 05-13-2009 2149
DUB   HLD REMOVE HOLDOVER REMOVED                   05-13-2009 0945 05-13-2009 0945
DUB   A-HLD      HOLDOVER, TEMPORARILY HOUSED       03-18-2009 1200 05-13-2009 0945
9-L   RELEASE    RELEASED FROM IN-TRANSIT FACL      03-18-2009 1500 03-18-2009 1500
9-L   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL     03-11-2009 1201 03-18-2009 1500
DSC   ADMIN REL  ADMINISTRATIVE RELEASE             03-11-2009 1101 03-11-2009 1101
DSC   A-ADMIN    ADMINISTRATIVE ADMISSION           03-11-2009 1100 03-11-2009 1101
9-L   RELEASE    RELEASED FROM IN-TRANSIT FACL      03-11-2009 1200 03-11-2009 1200
9-L   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL     03-10-2009 1430 03-11-2009 1200
DSC   ADMIN REL  ADMINISTRATIVE RELEASE             03-10-2009 1330 03-10-2009 1330
DSC   A-ADMIN    ADMINISTRATIVE ADMISSION           03-10-2009 1229 03-10-2009 1330
9-L   RELEASE    RELEASED FROM IN-TRANSIT FACL      03-10-2009 1329 03-10-2009 1329
9-L   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL     03-09-2009 1812 03-10-2009 1329
DSC   ADMIN REL  ADMINISTRATIVE RELEASE             03-09-2009 1712 03-09-2009 1712
DSC   A-ADMIN    ADMINISTRATIVE ADMISSION           03-09-2009 1053 03-09-2009 1712
9-L   RELEASE    RELEASED FROM IN-TRANSIT FACL      03-09-2009 1153 03-09-2009 1153
9-L   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL     03-09-2009 1320 03-09-2009 1153
DSC   ADMIN REL  ADMINISTRATIVE RELEASE             03-08-2009 1220 03-08-2009 1220
DSC   A-ADMIN    ADMINISTRATIVE ADMISSION           03-08-2009 1147 03-08-2009 1220
2-F   RELEASE    RELEASED FROM IN-TRANSIT FACL      03-08-2009 1247 03-08-2009 1247
2-F   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL     01-06-2009 1701 03-08-2009 1247
CSC   ADMIN REL  ADMINISTRATIVE RELEASE             01-06-2009 1401 01-06-2009 1401
CSC   A-ADMIN    ADMINISTRATIVE ADMISSION           01-06-2009 1400 01-06-2009 1401
CSC   ESCAPE     ESCAPE                             10-05-2008 1855 01-06-2009 1400
CSC   A-DES      DESIGNATED, AT ASSIGNED FACIL      07-07-2008 2225 10-05-2008 1855
4-T   RELEASE    RELEASED FROM IN-TRANSIT FACL      07-07-2008 0125 07-08-2008 0125
4-T   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL     07-07-2008 1140 07-08-2008 0125
SHE   FURL TRANS FURL W/UNESCORTED TRP TO A CCC     07-07-2008 0840 07-07-2008 0840
SHE   A-DES      DESIGNATED, AT ASSIGNED FACIL      08-08-2007 1002 07-07-2008 0840


  G0002      MORE PAGES TO FOLLOW . . .
```

```
CSCD4  531.01 *                   INMATE HISTORY              *      04-04-2011
PAGE 002 OF 002 *                 ADM-REL                     *      09:40:28

REG NO..: 97778-011 NAME....: HASTINGS, SHAREEF HASAN
CATEGORY: ARS          FUNCTION: PRT          FORMAT:

FCL    ASSIGNMENT  DESCRIPTION                   START DATE/TIME  STOP  DATE/TIME
4-T    RELEASE     RELEASED FROM IN-TRANSIT FACL  08-08-2007 1302 08-08-2007 1302
4-T    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 08-08-2007 1241 08-08-2007 1302
SHE    HLD REMOVE  HOLDOVER REMOVED               08-08-2007 0941 08-08-2007 0941
SHE    A-HLD       HOLDOVER, TEMPORARILY HOUSED   07-11-2007 1825 08-08-2007 0941
B05    RELEASE     RELEASED FROM IN-TRANSIT FACL  07-11-2007 2125 07-11-2007 2125
B05    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 07-11-2007 0957 07-11-2007 2125
DUB    HLD REMOVE  HOLDOVER REMOVED               07-11-2007 0657 07-11-2007 0657
DUB    A-BOP HLD   HOLDOVER FOR INST TO INST TRF  07-06-2007 1240 07-11-2007 0657
9-L    RELEASE     RELEASED FROM IN-TRANSIT FACL  07-06-2007 1540 07-06-2007 1540
9-L    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 06-12-2007 1309 07-06-2007 1540
DSC    ADMIN REL   ADMINISTRATIVE RELEASE         06-12-2007 1209 06-12-2007 1209
DSC    A-ADMIN     ADMINISTRATIVE ADMISSION       06-12-2007 1208 06-12-2007 1209



G0000        TRANSACTION SUCCESSFULLY COMPLETED
```

Case 2:11-mj-00090-GGH   Document 4   Filed 04/07/11   Page 16 of 41
Case 2:11-mj-00090-GGH   Document 2-1   Filed 04/06/11   Page 14 of 39

Case 4:08-cr-00783-CW   Document 5   Filed 02/06/2009   Page 1 of 6

AO 245B (Rev. 6/05) Judgment in a Criminal Case

# United States District Court
## Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>SHAREEF HASAN HASTINGS | **JUDGMENT IN A CRIMINAL CASE**<br><br>USDC Case Number: CR-08-00783-001 CW<br>BOP Case Number: DCAN408CR000783-001<br>USM Number:   97778-001<br>Defendant's Attorney :Joyce Leavitt, AFPD |

**THE DEFENDANT:**

[x]   pleaded guilty to count one of the indictment,
[ ]   pleaded nolo contendere to count(s) ___ which was accepted by the court.
[ ]   was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 751(a) | Escape from Custody | 10/05/2008 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has been found not guilty on count(s) ___.

[ ]   Count(s) ___ (is)(are) dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

February 4, 2009
Date of Imposition of Judgment

_Claudia Wilken_
Signature of Judicial Officer

Honorable Claudia Wilken, U. S. District Judge
Name & Title of Judicial Officer
February 6, 2009

Date

Case 4:08-cr-00783-CW   Document 5   Filed 02/06/2009   Page 2 of 6

AO 245B (Rev. 12/03) (CAND Rev. 3/07) Judgment in a Criminal Case/Sheet 2 - Imprisonment

| DEFENDANT: | SHAREEF HASAN HASTINGS | Judgment - Page 2 of 6 |
| --- | --- | --- |
| CASE NUMBER: | CR-08-00783-001 CW | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of twelve (12) months and one (1) day .

[x]   The Court makes the following recommendations to the Bureau of Prisons:
that the defendant be designated to a facility as close to the San Francisco/Oakland Bay Area as possible.

[x]   The defendant is remanded to the custody of the United States Marshal. The appearance bond is hereby exonerated.

[ ]   The defendant shall surrender to the United States Marshal for this district.

[ ] at ___ [] am [] pm on ___.
[ ] as notified by the United States Marshal.

The appearance bond shall be deemed exonerated upon the surrender of the defendant.

[ ]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

[ ] before 2:00 pm on ___.
[ ] as notified by the United States Marshal.
[ ] as notified by the Probation or Pretrial Services Office.

The appearance bond shall be deemed exonerated upon the surrender of the defendant.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on ___5/13/09___ to ___Wm___

at ___SF___, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
Deputy United States Marshal

Case 4:08-cr-00783-CW   Document 5   Filed 02/06/2009   Page 3 of 6

AO 245B (Rev. 12/03) Judgment in a Criminal Case Sheet 3 - Supervised Release

| DEFENDANT: | SHAREEF HASAN HASTINGS | Judgment - Page 3 of 6 |
| CASE NUMBER: | CR-08-00783-001 CW | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  three (3) years .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.  The defendant shall not commit another federal, state or local crime.  The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

[ ]   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[ ]   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check if applicable.)

[ ]   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]   The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions in this judgment.

## STANDARD CONDITIONS

1)   The defendant shall not leave the judicial district without permission of the court or probation officer;

2)   The defendant shall report to the probation officer, and shall submit a truthful and complete written report within the first five days of each month;

3)   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   The defendant shall support his dependants and meet other family responsibilities;

5)   The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10)   The defendant shall permit a probation officer to visit him at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and

13)   As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 4:08-cr-00783-CW   Document 5   Filed 02/06/2009   Page 4 of 6

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - Sheet 6 - Schedule of Payments

| DEFENDANT: | SHAREEF HASAN HASTINGS | Judgment - Page 4 of 6 |
| CASE NUMBER: | CR-08-00783-001 CW | |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
| Totals: | $ 100 | $ | $ |

[ ] The determination of restitution is deferred until __. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ] The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
| Totals: | $ _ | $ _ | | |

[ ] Restitution amount ordered pursuant to plea agreement $ _

[ ] The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6, may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    [ ]  the interest requirement is waived for the   [ ] fine   [ ] restitution.

    [ ]  the interest requirement for the   [ ] fine   [ ] restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case 4:08-cr-00783-CW   Document 5   Filed 02/06/2009   Page 5 of 6

AO 2450 (Rev. 12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

| DEFENDANT: | SHAREEF HASAN HASTINGS | Judgment - Page 5 of 6 |
| CASE NUMBER: | CR-08-00783-001 CW | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  [x] Lump sum payment of $100 due immediately, balance due

    [] not later than ____, or

    [x] in accordance with ( ) C, ( ) D, ( ) E or (x ) F below; or

B  [] Payment to begin immediately (may be combined with ( ) C, ( ) D, or ( ) F below); or

C  [] Payment in equal    (e.g. weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D  [] Payment in equal    (e.g. weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  [] Payment during the term of supervised release will commence within (e.g, 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  [x] Special instructions regarding the payment of criminal monetary penalties:
If the defendant is unable to pay the special assessment immediately, it shall be paid through the defendant's participation in the Bureau of Prisons' Inmate Financial Responsibility Program. While incarcerated, payment of criminal monetary penalties shall be at the rate of $25 per quarter. Criminal monetary payments shall be made to the Clerk, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102. Any balance that remains unpaid at the commencement of the term of supervised release shall be paid at the rate of $25 per quarter.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

    [] Joint and Several

| Defendant and co-defendant Names | Case Numbers (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee (if appropriate) |
|---|---|---|---|---|
| | | | | |

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Case 4:08-cr-00783-CW   Document 5   Filed 02/08/2009   Page 6 of 6

AO 245B (Rev. 12/07) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

| DEFENDANT: | SHAREEF HASAN HASTINGS | Judgment - Page 6 of 6 |
| CASE NUMBER: | CR-08-00783-001 CW | |

[ ]  The defendant shall pay the cost of prosecution.

[ ]  The defendant shall pay the following court cost(s):

[ ]  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

BP-S291.052 **FURLOUGH APPLICATION - APPROVAL AND RECORD** CDFRM
SEP 99

**U.S. DEPARTMENT OF JUSTICE**                          **FEDERAL BUREAU OF PRISONS**

| Inmate's Name | Register No. | Institution |
|---|---|---|
| HASTINGS, Shareef Hasan | 97778-011 | FCI Victorville II<br>13777 Air Expressway Blvd.<br>Victorville, CA 92394 |

## APPLICATION

| Purpose of Visit | Person and/or Place to be Visited |
|---|---|
| The purpose of this Unescorted Transfer is to move the inmate to a minimum security level institution, satellite camp or Community Corrections Center. Pursuant to Program Statement 5299.08, a determination has been made that inmate HASTINGS, Shareef Hasan #97778-011 does not meet all of the furlough eligibility requirements contained at Sections 9 and 10. However, because this inmate meets the requirements for transfer to a minimum security level institution, a satellite camp or Community Correction Center, this decision is consistent with our mission to protect public safety and make the most efficient use of taxpayer dollars. | Cornell Corrections of CA Inc.    (CSC FRL) |

| Date and Time of Departure | Address |
|---|---|
| October 29, 2009 at 11:30 a.m. | 111 Taylor Street<br>San Francisco, CA 94102 |

| Date and Time of Return N/A | Telephone No. 415-346-9769 |
|---|---|

| Point of Contact for Emergency<br>FCI Victorville II<br>(760) 530-5700 | Method of Transportation<br>Shuttle/Greyhound/Taxi | Detainer/Pending Charges<br>Yes ☐  No ✓ | Verified by (ISM Staff)<br>✓ Yes  No |
|---|---|---|---|

NOTE TO APPLICANT: You are reminded that should any unusual circumstances arise during the period of your visit, you should notify the institution immediately at telephone: (760) 530-5700

## UNDERSTANDING

I understand that if approved, I am authorized to be only in the area of the destination shown above and at ordinary stopovers or points on a direct route to or from that destination. I understand that my furlough only extends the limits of my confinement and that I remain in the custody of the Attorney General of the United States. If I fail to remain within the extended limits of this confinement, it shall be deemed an escape from the custody of the Attorney General, punishable as provided in Section 751 of Title 18, United States Code. I understand that I may be thoroughly searched upon my return to the institution and that I will be held responsible for any item of contraband or illicit material that is found. I have read or had read to me, and I understand that the foregoing conditions govern my furlough, and will abide by them. I have read or had read to me, understand the CONDITIONS OF FURLOUGH as set forth on the reverse of this form.

F. Perez                                    HASTINGS, Shareef Hasan

Case Manager                                Signature of Applicant

Title                                       10-15-09
                                            Date Signed

## ADMINISTRATIVE ACTION

| Information Verified by   C.E. Wells | Title Unit Manager |
|---|---|
| Name Of USPO Notified: Yador J. Harrell, Chief | Date of Notification:<br>N/A |

Does USPO Have Any Objections to Furlough? (If so, explain)
N/A

## APPROVAL

| Approval for the above named Inmate to leave the Institution on a furlough as outlined is hereby granted in accordance with P.L. 93-209 and the BOP Furlough Program Statement. The period of furlough is<br>from 10-29-2009 at 11:30a.m. to 10-29-2009 at 11:30p.m. | As CMC, I have reviewed the Request for Activity Clearance (404) and the SENTRY CIM Clearance and Separatee Data and I recommend the inmate be approved to participate in this furlough.<br>☐ Yes ☐ No Signature of CMC |
|---|---|

| Chief Executive Officer (Name, Title & Date)<br>Tereser A. Banks, Warden | Signature certifies approval and CIMS Clearance |
|---|---|

## RECORD

| Date/Time Released: | Date/Time Returned: |
|---|---|

Depart FCI Victorville on 10-29-2009 at 11:30 a.m. via Shuttle en route to Victorville Greyhound Bus Station. Depart Victorville on bus route #609S at 12:50 p.m. Arrive San Francisco, CA bus station at 11:50 p.m. Depart Greyhound Bus Station via Taxi en route to Cornell Corrections of California, INC.,111 Taylor Street, San Francisco, CA. Arrive no later than 11:59 p.m.



**Inmate's Photo**

## Conditions of Furlough

1. I will not violate the laws of any jurisdiction (federal, state, or local).  I understand that I am subject to prosecution for escape if I fail to return to the institution at the designated time.

2. I will not leave the area of my furlough without permission, with exception of traveling to the furlough destination, and returning to the institution.

3. While on furlough status, I understand that I remain in the custody of the U.S. Attorney General.  I agree to conduct myself in a manner not to bring discredit to myself or to the Bureau of Prisons.  I understand that I am subject to arrest and/or institution disciplinary action for violating any condition(s) of my furlough.

4. I will not purchase, possess, use, consume, or administer any narcotic drugs, marijuana, intoxicants in any form, nor will I frequent any place where such articles are unlawfully sold, dispensed, used, or given away.

5. I will not use any medication that is not prescribed and given to me by the institution medical department for use or prescribed by a licensed physician while I am on furlough.  I will not have any medical/dental/surgical/psychiatric treatment without the written permission of staff, except where an emergency arises and necessitates such treatment. I will notify institution staff of any prescribed medication or treatment received in the community upon my return to the institution.

6. I will not have in my possession any firearm or dangerous weapon.

7. I will not get married, sign any legal papers, contracts, loan applications, or conduct any business without the written permission of staff.

8. I will not associate with persons having a criminal record or with those persons who I know are engaged in illegal occupations.

9. I agree to contact the institution (or United States Probation Officer) in the event of arrest, or any other serious difficulty or illness.

10. I will not drive a motor vehicle without the written permission of staff.  I understand that I must have a valid driver's license and sufficient insurance to meet any applicable financial responsibility laws.

11. I will not return from furlough with any article I did not take out with me (for example, clothing, jewelry, or books).  I understand that I may be thoroughly searched and given a urinalysis and/or breathalyzer and/or other comparable tests upon my return to the institution.  I understand that I will be held accountable for the results of the search and test(s).

12. It has been determined that consumption of poppy seeds may cause a positive drug test which may result in disciplinary action.  As a condition of my participation in community programs, I will not consume any poppy seeds or items containing poppy seeds.

13. Special Instructions:

I have read, or had read to me, and I understand the above conditions concerning my furlough and agree to abide by them.

Inmate's Signature: _____  Reg. No.: 97778-011  Date:

Signature/Printed Name of Staff Witness: P. Perez
Record Copy - Control Center, Count Control, Forward to ISM, ISM Forward to Unit for Central File; Copy - Control Center, Forward to Record Office; Copy - ISM Suspense Copy (R&D); Copy - Inmate Use on Furlough

```
  CSCD4  540*23 *              SENTENCE MONITORING          *    10-14-2009
  PAGE 001      *              COMPUTATION DATA             *    13:13:57
                              AS OF 10-14-2009

REGNO..: 97778-011 NAME: HASTINGS, SHAREEF HASAN

FBI NO...........: 381454EB2             DATE OF BIRTH:          1979
ARS1.............: VVM/A-DES
UNIT.............: A 3/4                 QUARTERS.....: A03-307U
DETAINERS........: NO                    NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 11-24-2009

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE: 04-17-2010 VIA GCT REL

REMARKS........: RELEASE AUDIT COMPLETED ON 03-19-2009 BY DSCC

------------------------CURRENT JUDGMENT/WARRANT NO: 010 --------------------

COURT OF JURISDICTION...........: CALIFORNIA, NORTHERN DISTRICT
DOCKET NUMBER...................: CR-06-00336-001 SBA
JUDGE...........................: ARMSTRONG
DATE SENTENCED/PROBATION IMPOSED: 05-22-2007
DATE COMMITTED..................: 08-08-2007
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                   FELONY ASSESS  MISDMNR ASSESS   FINES         COSTS
NON-COMMITTED.:    $100.00        $00.00           $00.00        $00.00

RESTITUTION...: PROPERTY: NO  SERVICES: NO      AMOUNT: $193,000.00

------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....: 153
OFF/CHG: 18:1349 CONSPIRACY TO COMMIT BANK FRAUD

  SENTENCE PROCEDURE............: 3559 PLRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:    41 MONTHS
  TERM OF SUPERVISION............:    5 YEARS
  DATE OF OFFENSE...............: 01-01-2006

------------------------CURRENT JUDGMENT/WARRANT NO: 020 --------------------

COURT OF JURISDICTION...........: CALIFORNIA, NORTHERN DISTRICT
DOCKET NUMBER...................: CR-08-00783-001 CW
JUDGE...........................: WILKEN
DATE SENTENCED/PROBATION IMPOSED: 02-04-2009


  G0002      MORE PAGES TO FOLLOW ...
```

```
CSCD4   540*23  *           SENTENCE MONITORING              *        10-14-2009
PAGE 002        *           COMPUTATION DATA                 *        13:13:57
                          AS OF 10-14-2009

REGNO..: 97778-011 NAME: HASTINGS, SHAREEF HASAN


DATE COMMITTED...................: 05-13-2009
HOW COMMITTED....................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED................: NO

                  FELONY ASSESS   MISDMNR ASSESS   FINES         COSTS
NON-COMMITTED.:   $100.00         $00.00           $00.00        $00.00

RESTITUTION...:   PROPERTY: NO    SERVICES: NO     AMOUNT: $00.00

-----------------------CURRENT OBLIGATION NO: 010 -----------------------
OFFENSE CODE....: 112
OFF/CHG: 18:751(A); ESCAPE FROM CUSTODY. (COUNT 1).

    SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
    SENTENCE IMPOSED/TIME TO SERVE.:   12 MONTHS    1 DAYS
    TERM OF SUPERVISION............:    3 YEARS
    DATE OF OFFENSE................: 10-05-2008

-----------------------CURRENT COMPUTATION NO: 010 -----------------------

COMPUTATION 010 WAS LAST UPDATED ON 07-08-2009 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 03-19-2009 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010; 020 010

DATE COMPUTATION BEGAN..........: 05-22-2007
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 8-0 PLRA
TOTAL TERM IN EFFECT............:   53 MONTHS     1 DAYS
TOTAL TERM IN EFFECT CONVERTED..:    4 YEARS      5 MONTHS     1 DAYS
AGGREGATED TERM OF SUPERVISION..:    5 YEARS
EARLIEST DATE OF OFFENSE........: 01-01-2006

JAIL CREDIT.....................:   FROM DATE     THRU DATE
                                    02-23-2006    05-21-2007

INOPERATIVE TIME.........: REASON  FROM DATE     THRU DATE
                           ESCAPE  10-06-2008    12-04-2008




G0002       MORE PAGES TO FOLLOW  . .
```

```
   CSCD4   540*23 *            SENTENCE MONITORING              *      10-14-2009
   PAGE 003 OF 003 *          COMPUTATION DATA                 *      13:13:57
                                AS OF 10-14-2009

REGNO..: 97778-011 NAME: HASTINGS, SHAREEF HASAN


TOTAL PRIOR CREDIT TIME.........: 453
TOTAL INOPERATIVE TIME..........: 60
TOTAL GCT EARNED AND PROJECTED..: 160
TOTAL GCT EARNED................: 108
STATUTORY RELEASE DATE PROJECTED: 04-17-2010
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 09-24-2010


PROJECTED SATISFACTION DATE.....: 04-17-2010
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: COMP UPDATED TO REFLECT DIS/GCT:10-03-08, 10-05-08.
                FORM 768 RECVD:01-30-09.
                COMP UPDATED TO REFLECT ADDITIONAL J&C ORDER FOR ESCAPE:
                02-04-09.
                07-08-09 GCT DIS
```

```
G0000          TRANSACTION SUCCESSFULLY COMPLETED
```

```
  CSCD4  542*22 *           SENTENCE MONITORING          *      10-14-2009
  PAGE 001 OF 001 *            GOOD TIME DATA             *      13:14:05
                             AS OF  10-14-2009

REGNO...: 97778-011    NAME: HASTINGS, SHAREEF HASAN
ARS 1...: VVM A-DES                                 PLRA
COMPUTATION NUMBER..: 010                  FUNC..: PRT    ACT DT:
LAST UPDATED:  DATE.: 07-08-2009           FACL..: DSC    CALC: AUTOMATIC
UNIT................: A 3/4                 QUARTERS............: A03-307U
DATE COMP BEGINS....: 05-22-2007           COMP STATUS.........: COMPLETE
TOTAL JAIL CREDIT...: 453                   TOTAL INOP TIME.....: 60
CURRENT REL DT......: 06-08-2010 TUE        EXPIRES FULL TERM DT: 09-24-2010
PROJ SATISFCT DT....: 04-17-2010 SAT        PROJ SATISF METHOD..: GCT REL
ACTUAL SATISFACT DT.:                       ACTUAL SATISF METHOD:
DAYS REMAINING......:                       FINAL PUBLC LAW DAYS:
GED PART STATUS.....:                       DEPORT ORDER DATED..:

---------------------GOOD CONDUCT TIME AMOUNTS------------------------

   START        STOP      MAX POSSIBLE TO     ACTUAL TOTALS    VESTED    VESTED
   DATE         DATE      DIS    PPT       DIS    PPT          AMOUNT     DATE
  02-24-2006  02-23-2007   54     54
  02-24-2007  02-23-2008   54    108
  02-24-2008  04-24-2009   54    108       54
  04-25-2009  04-17-2010   52

     TOTAL EARNED AMOUNT..........................................:    108
     TOTAL EARNED AND PROJECTED AMOUNT............................:    160
```

```
G0005       TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

Case 2:11-mj-00090-GGH   Document 4   Filed 04/07/11   Page 28 of 41
Case 2:11-mj-00090-GGH   Document 2-1   Filed 04/06/11   Page 26 of 39
Apr. 6. 2010  1:09PM    Roseville Police                    No.9209   P. 2

**ROSEVILLE POLICE DEPARTMENT**
1051 Junction Blvd., Roseville, CA 95678
CA 0310500  (916) 774-5000

PAGE 1 OF 9

| MEAN | YEAR | RPT NUMBER |
|------|------|------------|
| 94 | 10 | 4121 |

| COPY TO: | ATTY | CAU | CPS | CRO | DA | SRO | JPU | SPE | PROB | SCAT | SEU | VW | YSO | OTHER | BEAT | PUNX |
|----------|------|-----|-----|-----|-----|-----|-----|-----|------|------|-----|-----|-----|-------|------|------|

**CRIME/INCIDENT:** 475 (c) P.C.
**CLASSIFICATION:** Possessing, Receiving or Uttering Forged Notes
**DATE OCCURRED:** 4-04-10   **TIME OCCURRED:** 1232

**LOCATION ADDRESS/NAME:** 5170 Foothills Blvd #150 Roseville, CA 95747
**DATE REPORTED:** 4-04-10   **TIME REPORTED:** 1323

| CODE | LEGAL NAME (LAST, FIRST MIDDLE) | ADDRESS | RESIDENCE PHONE |
|------|--------------------------------|---------|-----------------|
| V-1 | Auto Zone | 5170 Foothills Blvd #150 Roseville, CA  95747 | |

| DOB/AGE | SEX | RACE | DRIVER NUMBER/VEHICLE | EMPLOYER/SCHOOL | WORK PHONE |
|---------|-----|------|----------------------|-----------------|------------|
| | | | | | 916-782-6002 |

| CODE | LEGAL NAME (LAST, FIRST MIDDLE) | ADDRESS | RESIDENCE PHONE |
|------|--------------------------------|---------|-----------------|
| V-2 | State of California | | |

| DOB/AGE | SEX | RACE | DRIVER NUMBER/VEHICLE | EMPLOYER/SCHOOL | WORK PHONE |
|---------|-----|------|----------------------|-----------------|------------|

| CODE | LEGAL NAME (LAST, FIRST MIDDLE) | ADDRESS | RESIDENCE PHONE |
|------|--------------------------------|---------|-----------------|
| W-1 | ▓▓▓▓▓▓▓▓▓▓ | ▓▓▓▓▓▓▓▓▓▓ | — |

| DOB/AGE | SEX | RACE | DRIVER NUMBER/VEHICLE | EMPLOYER/SCHOOL | WORK PHONE |
|---------|-----|------|----------------------|-----------------|------------|
| ▓▓ | M | W | ▓▓▓▓ | Auto Zone | ▓▓▓▓▓▓ |

| CODE | LEGAL NAME (LAST, FIRST MIDDLE) | ADDRESS | RESIDENCE PHONE |
|------|--------------------------------|---------|-----------------|
| W-2 | ▓▓▓▓▓▓ | ▓▓▓▓▓▓▓▓▓ | ▓▓▓▓▓▓ |

| DOB/AGE | SEX | RACE | DRIVER NUMBER/VEHICLE | EMPLOYER/SCHOOL | WORK PHONE |
|---------|-----|------|----------------------|-----------------|------------|
| ▓▓ | M | W | | Auto Zone | |

| HT. | WT. | HAIR | EYES | CLOTHING/SCARS/MARKS/TATTOOS |
|-----|-----|------|------|------------------------------|

**ADDITIONAL INFORMATION:**

| VEH. | CODE | YEAR | MAKE | MODEL | BODY STYLE | COLOR(S)/COMBO | LICENSE NO. | STATE | IMPOUNDED / STORED |
|------|------|------|------|-------|------------|----------------|-------------|-------|--------------------|
| 1 | A-1 | 1993 | Lexus | GS 300 | 4-DR | TAN | 6JAS792 | CA | ☒ STORED |

**ADDITIONAL INFORMATION (REG. OWNER / DAMAGE / CHECK VEHICLE ETC.)**

| VEH. | CODE | YEAR | MAKE | MODEL | BODY STYLE | COLOR(S)/COMBO | LICENSE NO. | STATE | IMPOUNDED / STORED |
|------|------|------|------|-------|------------|----------------|-------------|-------|--------------------|

**ADDITIONAL INFORMATION (REG. OWNER / DAMAGE / CHECK VEHICLE ETC.)**

| PATROL CAR VIDEO  YES ☒  NO ☐ | BADGE #: 1006  CAR #: 110 | BADGE #:  CAR #: | BADGE #:  CAR #: | BADGE #: 9209  CAR #: | BADGE #:  CAR #: |
|---|---|---|---|---|---|

**SYNOPSIS:** A-1 and S-2 used fraudulent American Express Travelers Checks to obtain goods from V-1. A-1 and S-2 attempted to return the goods for money. A-1 was located and arrested. S-2 has not been identified.

| REPORTING OFFICER, ID# | DATE/TIME | DISPO: | CONNECTING CASE: | APPROVED BY: | DATE/TIME |
|------------------------|-----------|--------|------------------|--------------|-----------|
| Bern #1006 | 4-04-10/2322 | 10 | | OPBV19 | 5APR10 |

Case 2:11-mj-00090-GGH   Document 4   Filed 04/07/11   Page 29 of 41
Case 2:11-mj-00090-GGH   Document 2-1   Filed 04/06/11   Page 27 of 39
Apr. 6. 2010  1:10PM   Roseville Police                    No. 9209   P. 3

# ROSEVILLE POLICE DEPARTMENT

PAGE 2 OF 9.

| CODE | NAME (LAST, FIRST, MIDDLE) | | RACE | SEX | AGE | DOB | HT | WT | HAIR | EYES | BUILD | BOOKED |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A-1 | HASTINGS, SHARLEE MACAN | | B | M | 30 | -79 | 5-00 | 135 | BLK | BRN | THIN | ☑ YES ☐ NO |

| ADDRESS | PHONE | CHARGES | BOOKING NUMBER |
|---|---|---|---|
| | 510-379-6282 | 475(a) P.C. /459 P.C. /529 PC  182 PC | 01067119 |

ADDITIONAL INFO / MARKS / SCARS / TATTOOS

| HAIR LENGTH/TYPE | HAIR STYLE | FACIAL HAIR | COMPLEXION | APPEARANCE | DEMEANOR | SPEECH |
|---|---|---|---|---|---|---|
| SHAVED | BALD | GOATEE | LIGHT SKINNED BRO | | | |

| CODE | NAME (LAST, FIRST, MIDDLE) | | RACE | SEX | AGE | DOB | HT | WT | HAIR | EYES | BUILD | BOOKED |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| S-2 | (MIA) UNKNOWN | | B | M | 25-30 | | 5-06 | 160 | BLK | BRN | THIN | ☐ YES ☐ NO |

| ADDRESS | PHONE | CHARGES | BOOKING NUMBER |
|---|---|---|---|
| UNK | UNK | 475(a) P.C. /459 PC /182 PC | UNK |

AKA / ADDITIONAL INFO / MARKS / SCARS / TATTOOS

ORANGE/WHITE POLO SHIRT

| HAIR LENGTH/TYPE | HAIR STYLE | FACIAL HAIR | COMPLEXION | APPEARANCE | DEMEANOR | SPEECH |
|---|---|---|---|---|---|---|
| SHORT | CURLED | NONE | | | | |

| CODE | NAME (LAST, FIRST, MIDDLE) | | RACE | SEX | AGE | DOB | HT | WT | HAIR | EYES | BUILD | BOOKED |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | ☐ YES ☐ NO |

| ADDRESS | PHONE | CHARGES | BOOKING NUMBER |
|---|---|---|---|
| | | | |

AKA / ADDITIONAL INFO / MARKS / SCARS / TATTOOS

| HAIR LENGTH/TYPE | HAIR STYLE | FACIAL HAIR | COMPLEXION | APPEARANCE | DEMEANOR | SPEECH |
|---|---|---|---|---|---|---|
| | | | | | | |

| CODE | NAME (LAST, FIRST, MIDDLE) | | RACE | SEX | AGE | DOB | HT | WT | HAIR | EYES | BUILD | BOOKED |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | ☐ YES ☐ NO |

| ADDRESS | PHONE | CHARGES | BOOKING NUMBER |
|---|---|---|---|
| | | | |

AKA / ADDITIONAL INFO / MARKS / SCARS / TATTOOS

| HAIR LENGTH/TYPE | HAIR STYLE | FACIAL HAIR | COMPLEXION | APPEARANCE | DEMEANOR | SPEECH |
|---|---|---|---|---|---|---|
| | | | | | | |

| PROP. CODE | QTY | ARTICLE NAME | BRAND, MAKE OR MANUFACTURER | MODEL NAME + MODEL NUMBER | IDENTIFICATION NUMBERS | MISCELLANEOUS DESCRIPTIONS | VALUE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

SEE CSI BOLU REPORT FOR LIST OF STOLEN /RECOVERED ITEMS

AR2427

Apr. 6. 2010  1:10PM      Roseville Police                No. 9209 P. 4

( ) CONTINUATION REPORT

() SUPPLEMENTAL REPORT

## ROSEVILLE POLICE DEPARTMENT
1051 Junction Blvd, Roseville, CA 95678
CA 0310500 – (916) 774-5000

| JULIAN | YEAR | RPT NUMBER |
|--------|------|-----------|
| 94 | 10 | 4121 |

| COPY TO: | ACTIV | CRU | FUND | CRSD | DA | DIST | INFD | RSG | PROS | DEXT | ISU | UV | VSD | OTHER | PROS | PROS |
|----------|-------|-----|------|------|----|----|------|-----|------|------|-----|----|-----|-------|------|------|

| CRIME / INCIDENT | CLASSIFICATION | | DATE OCCURRED | TIME OCCURRED |
|------------------|----------------|--|---------------|---------------|

| RPT (N) LEGAL NAME (LAST, FIRST, MIDDLE) | | DATE RPT REVIEWED | WS BUTY |
|------------------------------------------|--|-------------------|---------|

**REFERENCES:**

(W-3)
(M-1) ███████████████████████

**NARRATIVE:**

On 04-04-10 at approximately 1328 hours, I was dispatched to a fraud report at 5170 Foothills Blvd #150 (Auto Zone). It was reported that 2 BMA's entered enter Auto Zone and used $500 worth of American Express Travelers Checks to obtain goods. Auto Zone employees found out that the traveler checks were fraudulent and received word that the 2 BMA's attempted to return the goods at the Auto Zone in Rocklin (6651 Stanford Ranch Rd). The subjects were seen leaving in a tan or gold Lexus with a partial license plate of CA-6JA_792).

I responded to the Auto Zone on Foothills Blvd and contacted an employee identified as ████████
I asked ████ what happened and he told me the following statement in summary.

**STATEMENT OF** ████████████

████████ was working today around 1230 hours when 2 BMA's entered into the store. The 2 BMA's were looking for parts to a 1993 Lexus GS 300. The BMA's requested an alternator, a battery and a starter for the Lexus. Auto Zone had the alternator and battery in stock but did not have the starter. When it came time for checkout, the BMA's paid with (5) $100 American Express Traveler Checks. The total purchase price was approximately $462.00. The BMA's received change of approximately $38.00 (US currency) and were referred to the N. Highlands store for the starter.

A short time later, ████████ received a phone call from the Auto Zone in Rocklin. ████ spoke to ████████ and was advised that the BMA's attempted to return the alternator and battery just purchased from the Roseville store. ████ was also advised that the same 2 BMA's were in their store earlier and attempted to purchase the same items using American Express Traveler Checks. The BMA's were turned away due to employees not being familiar with accepting traveler checks. ████████ advised the BMA's that they could not return the items due to not having enough cash in their safe. The BMA's left the Rocklin store.

████████ immediately pulled the traveler checks from the cash drawer and began to look at them closely. It should be noted that the BMA's were the only customers that had paid with traveler checks and there were no other traveler checks in any of their cash registers. ████ noticed that the traveler checks did not have a phone number for American Express which he thought that all American Express traveler checks should have.

| REPORTING OFFICER BY | DATE / TIME | CHPD | CONCURRING CABE | APPROVED BY: | DATE / TIME |
|----------------------|-------------|------|-----------------|--------------|-------------|
| Beigh, J #1006 | 04-04-10/2200 | 10 | | ████████ | |

Apr. 6. 2010  1:11PM    Roseville Police                 No. 9209/cr P. 5

( ) CONTINUATION REPORT            **ROSEVILLE POLICE DEPARTMENT**
                                    1051 Junction Blvd, Roseville, CA 95678
() SUPPLEMENTAL REPORT              CA 03-0500 – (916) 774-5000

| | | | JUDGE | YEAR | RPT NUMBER |
| | | | 94 | 10 | 4121 |

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

██████ looked up a phone number for American Express and spoke with employees who helped him
identify the account/routing/check numbers. All of the checks had the same numbers on them and
they were determined to be fraudulent. ████ called the police department to report the crime.

██████ provided a description of the 2 BMA's (see page two for details) and stated that Auto Zone
does desire prosecution against the suspects if located. During the purchase, ████ asked one of the
BMA's for his name and he advised him that it was Chris Henry. During their conversation, the BMA
(who identified himself as Henry) also mentioned that he might be heading back to Oregon sometime
soon. ████ stated that he would be able to recognize the 2 BMA's if he were to see them again.

██████ advised me that he had already started to contact other area Auto Zone's to advise them of the
criminal activity. ████ stated that Auto Zone does not have surveillance video but provided a phone
number (916-608-0977) for the property management (Valley Fire Security) who maintains
surveillance video for the parking lot area. End of ████ statement.

██████ provided me with the (5) $100 American Express Traveler Checks. I looked at the traveler
checks and noticed that all of the checks had the same account/routing/check number on them.
Based their feel, consistency and quality it also appeared to me that they were fraudulent. ████ also
provided me with a copy of the receipt for the purchase the 2 BMA's made. I attempted to contact
Valley and Fire Security but was not able to get a hold of anyone.

I contacted the Auto Zone in Rocklin and spoke to ███████████ told me the following
statement in summary.

**STATEMENT OF ███████████**

██████ is an employee at the Auto Zone in Rocklin. Earlier today (1100-1130 hours), ████ was
advised by his coworkers that 2 BMA's attempted to purchase an alternator and a battery for a 1993
Lexus. The BMA's attempted to pay with American Express Traveler Checks but were turned away
due to other employees not being familiar with how to accept them.

Around 1300 hours, ████ was advised that the same two BMA's were inside the store attempting
to return an alternator and battery for a 1993 Lexus that they had purchased from the Roseville Store.
████ advised them that they were unable to provide them with cash for the return since they did
not have $400+ in their safe. ████ stated that the males left in a tan or gold Lexus with a partial
license plate of CA-6JA_792. ████ description of the BMA's was similar to the description
provided by ████

██████ thought that the two males were up to no good and called the Roseville Store to advise them
of the situation ████ stated that the Auto Zone in Rocklin does not have surveillance video but

| REPORTING OFFICER ID | DATE/TIME | RPID | CORRECTING PAGE | APPROVED BY | DATE/TIME |
|---|---|---|---|---|---|
| Beigh, J #1006 | 04-04-10/2200 | 10 | | OK B/29 | |

Apr. 6, 2010 1:17PM    Roseville Police    No. 9209 P. 6
( ) CONTINUATION REPORT

**ROSEVILLE POLICE DEPARTMENT**
1051 Junction Blvd, Roseville, CA 95678
CA 0310500 – (916) 774-5000

( ) SUPPLEMENTAL REPORT

| | | | | | | | | | | | | | | | DA | YEAR | RPT NUMBER |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | 94 | 10 | 4121 |

that he would be able to recognize the males if he were to see them again. End of ▮▮▮▮▮
statement.

I attempted to locate a match using the partial license plate that was provided. I started to go through the alphabet plugging in the unknown letter. I ran the license plate of 6JAJ792 and noticed that it came back to a 1993 Lexus out of Oakland. Per communications, they were also checking license plates. Using the alphabet to plug in the last letter, CA-6JAJ792 was the only one that came back to a Lexus.

I had communications run the license plate through VIN assist and it showed to be a 1993 GS 300 Lexus. This information was consistent with the information provided by ▮▮▮▮▮

At approximately 1427 hours, communications received word that the 2 BMA's were at the store in N. Highlands (4480 Elverta Rd) attempting to return the stolen goods. I asked for communications to start Sacramento County Sheriff's Department and obtained a phone number for Auto Zone in N. Highlands. I called and spoke to ▮▮▮▮▮ who told me the following statement in summary.

**STATEMENT OF** ▮▮▮▮▮

▮▮▮▮▮ an employee at Auto Zone in N. Highlands. ▮▮▮▮▮ was made aware by ▮▮▮▮▮ that two BMA's were going store to store attempting to return an alternator and battery for a 1993 Lexus GS 300. ▮▮▮▮▮ advised that the BMA's had paid with fraudulent American Express Traveler Checks. Around 1415 hours, two BMA's entered into the Auto Zone and attempted to return an alternator and battery for a 1993 Lexus GS 300. Since ▮▮▮▮▮ was already made aware of the situation, he told the BMA's that he was not able to return them for cash because they paid with traveler checks. ▮▮▮▮▮ advised the males that they would need to return to the Roseville Store and speak with them about a possible refund.

The males left the area in a tan or gold Lexus. ▮▮▮▮▮ provided a similar description of the BMA's that ▮▮▮▮▮ had previously provided. ▮▮▮▮▮ advised me that his store does not have surveillance video but he would be able to identify the BMA's if he were to see them again.

I decided to head back to the Roseville store to see if the BMA's would return. At approximately 1506 hours, Communications advised that CHP and Sac County were possibly out with one of the BMA suspects at Hillsdale and Walerga (behind the AMPM). Soon after, I received word that the subject was detained and Sac County would be waiting for us to arrive on scene.

I contacted ▮▮▮▮▮ and advised him that Sac County had stopped a subject and I wanted him to see if it was possibly one of the involved suspects. ▮▮▮▮▮ followed me down to the area of Hillsdale and

| REPORTING OFFICER ID | DATE / TIME | RPT # DPO | CONNECTING CASE | APPROVED BY | DATE / TIME |
|---|---|---|---|---|---|
| Beigh, J #1006 | 04-04-10/2200 | 10 | | ▮▮▮▮▮ | |

Apr. 6. 2010  1:12PM     Roseville Police                    No. 9209  P. 7

( ) CONTINUATION REPORT

**ROSEVILLE POLICE DEPARTMENT**

( ) SUPPLEMENTAL REPORT

1051 Junction Blvd, Roseville, CA 95678
CA 0310500 – (916) 774-5000

| JULIAN | YEAR | DPT NUMBER |
|---|---|---|
| 94 | 10 | 4121 |

| COPY TO: | ATTV | OAU | GFG | CBD | OA | DAT | INFO | PAR | PROB | TEXT | EIU | VM | VFD | OTHER | PAGE | INDEX |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| CRIME / INCIDENT | CLASSIFICATION | | | DATE OCCURRED | TIME OCCURRED |
|---|---|---|---|---|---|

| RPTG (V) LEGAL NAME (LAST, FIRST, MIDDLE) | | | DATE SUPPLEMENTAL | TIME SUPP |
|---|---|---|---|---|

Walerga and I directed him into a parking lot (Good Will) south of where Sac County had made the stop. I advised ████████ to wait there until I arrived back to pick him up.

I contacted Deputy Hall and he told me the following statement in summary.

**STATEMENT OF DEPUTY HALL:**

Deputy Hall was previously made aware that the police were looking for 2 BMA's wanted for fraud in Roseville. The BMA's were reported to be at the Auto Zone in N. Highlands that that's how Sac County got involved. At approximately 1600 hours, Deputy Hall received word that CHP had located a tan Lexus (CA-6JAJ792) in the area of Hillsdale and Walerga with a BMA occupant (identified as Shareef Hastings). CHP made the traffic stop and Deputy Hall arrived on scene to assist. Deputy Hall subsequently searched the Tan Lexus and located several fraudulent American Express Traveler Checks in the glove box of the vehicle. Deputy Hall also observed the reported stolen property from Auto Zone, in plain view, in the back seat of the Lexus.

Deputy Hall advised me that he had enough probable cause for the arrest. Deputy Hall search Hastings and located a large amount of cash in his left pants pocket. Deputy Hall placed Hastings in the back seat of a patrol vehicle. Deputy Hall remained on scene until Roseville PD arrived on scene. Deputy Hall stated that he would be completing a supplemental report and provided a case number of 10-52796. End of Deputy Hall's statement. See Deputy Hall's statement for more details.

I drove over to where ████████ was parked and he took a seat in the back seat of my patrol vehicle. I provided ████████ with an infield line-up admonition and drove over to where Hastings was at. As soon as ████████ saw Hastings, he immediately stated, "Yes, that's one of them". I asked ████████ if he was positive and he stated, "Yes".

I dropped ████████ off at his vehicle and contacted Hastings. I switched out handcuffs and advised him that he was being arrested for possession of a forged item. Hastings was placed in backseat of my patrol vehicle.

**EVIDENCE:**

I decided to search the vehicle incident to arrest and located the outstanding alternator and battery from Auto Zone. The alternator was in the rear of the vehicle just behind the center console and the battery was on the back seat. I also located two 15" Craig Televisions on the back seat as well as a Intel electronic item and a Acer electronic item. During a search of the front of the vehicle, I located a blue check holder which contained several American Express Traveler Checks. The traveler checks were on the front seat but were previously located by Deputy Hall in the vehicle's glove compartment.

| REPORTING OFFICER ID | DATE / TIME | EXPD | CONNECTING CASE | APPROVED BY | DATE / TIME |
|---|---|---|---|---|---|
| Beigh, J #1006 | 04-04-10/2200 | 10 | | ███████ | |

Apr. 6. 2010  1:12PM    Roseville Police                                    No. 9209  P. 8

| ( ) CONTINUATION REPORT | ROSEVILLE POLICE DEPARTMENT | | | | | | | | | | JULIAN | YEAR | RPT NUMBER |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ( ) SUPPLEMENTAL REPORT | 1051 Junction Blvd, Roseville, CA 95678 | | | | | | | | | | 94 | 10 | 4121 |
| | CA 0310500 – (916) 774-5000 | | | | | | | | | | | | |

| COPY TO: | ATTY | CAU | CPS | CMO | DA | DMV | FAIR | PROB | SCRT | SRI | VW | YSO | OTHER | PRINS | INDEX |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| CRIME / INCIDENT | CLASSIFICATION | DATE OCCURRED | TIME OCCURRED |
|---|---|---|---|

| REF. (X) LEGAL NAME (LAST, FIRST, MIDDLE) | DATE SUPPLEMENTAL | TIME SUPP |
|---|---|---|

I also located some mail and receipts that were collected. I took pictures of the items from where they were located. I collected the items and placed them into my patrol car.

Sac County remained on scene with the vehicle where it was eventually towed per 22651 (h) V.C. I transported Hastings to the Roseville Jail. While en route, I advised Hastings of his Miranda Rights. I asked Hastings if he understood his rights and he stated, "Yes sir". I completed the transport and arrived with Hastings at the Roseville Jail. CSI Koll met me in the sally port and collected the various items of evidence that I collected from the Lexus and items provided by Auto Zone. CSI Koll took the items to see if he could process them for latent prints. CSI Koll would later book all of the evidence he took possession of. See CSI Koll's report for details.

While inside the jail, I spoke with Hastings about his involvement with the fraudulent American Express Traveler Checks. Hastings provided the following statement in summary.

**STATEMENT OF HASTINGS:**

Hastings stated that times have been tough lately and he has had no money to support his family. Hastings recently came across the fake American Express Traveler Checks and decided to use them to try and make some money. Today he and a friend (identified him a Mia) went to the Auto Zone in Roseville where they used the fake traveler checks to purchase an alternator and battery. Hastings and Mia went to the Auto Zone in Rocklin to try and return the items for money but were unable to do so. Hastings also admitted to going to the Auto Zone in N. Highlands to try and return the items but stated that he never actually walked inside of the Auto Zone with the merchandise.

I asked Hastings if he had done this at any other business today and he admitted to going into a CVS Pharmacy in Roseville where he and Mia used the fake American Express Traveler Checks to purchase two 15" televisions. Hastings also admitted to going to an Office Depot in Roseville where he used the traveler checks to purchase a computer.

Hastings stated that he did not actually go into any of the stores to purchase the items. Hastings only stated that he was with Mia. I confronted Hastings about going into the Auto Zone in Roseville to purchase the alternator and battery. Hastings admitted to going into that store with Mia but denied doing so at that CVS Pharmacy or Office Depot.

I noticed that Hastings had an ankle monitor on his right ankle and asked him why he had it. Hastings told me that he was in federal custody for conspiracy to commit bank fraud and that he was technically on house arrest. Hastings stated that he was released from imprisonment 3 months ago to a halfway house in San Francisco called the Cornell Company.

| REPORTING OFFICER ID | DATE / TIME | DISPO | COMMANDING OFFICER | APPROVED BY | DATE / TIME |
|---|---|---|---|---|---|
| Beigh, J #1006 | 04-04-10/2200 | 10 | | | |

Apr. 6, 2010  1:13PM     Roseville Police                    No. 9209  P. 9

( ) CONTINUATION REPORT          **ROSEVILLE POLICE DEPARTMENT**
( ) SUPPLEMENTAL REPORT           1051 Junction Blvd, Roseville, CA 95678
                                   CA 0310500 – (916) 774-5000

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|

Hastings stated that he acquired the traveler checks yesterday and today was his first day using them. Hastings would not provide information about where he obtained them. Hastings also did not provide any further information about who Mia actually was. Hastings only stated that Mia was a friend and lived in the area where he was stopped by CHP today. I asked Hastings what Mia's address was and he told me that he did not know because he was new to the area and was bad with directions. End of Hastings statement.

During a search of Hastings wallet, I located an Oregon driver's license with Hastings picture on it. The name on the Oregon driver's license was John Henry. I asked Hastings where he obtained the license and he told me that he paid a HMA in San Francisco for it. I also located the apparent picture used for the fake ID inside of Hastings wallet. I asked Hastings about the money located on his person at the time of his arrest. Hastings stated that it was money that he received for welfare and had nothing to do with the fraudulent activity he was involved in.

During a search of Hastings wallet, I also located a folded up piece of paper with personal information on it. The piece of paper had information for ████████████. The paper contained his name, CA-DL number, DOB, and his social security number. I asked Hastings where he obtained this piece of paper and he told me that he had no idea who ████ was or how it ended up in his wallet.

Based on my conversation with Hastings, I felt that he did commit burglary by entering into the Auto Zone to commit a theft (459 P.C.). I also believed that Hastings and the unknown suspect conspired together to use the fraudulent American Express Traveler Checks to obtain goods and later return the goods for money (475 PC/182 P.C.). Based on the fake Oregon ID I found in Hastings wallet, this violated 529.5 (c) P.C. Hastings was booked into the Roseville Jail on the above listed charges.

I contacted the Cornell Company in San Francisco (415-346-9769) and spoke with Ramon Hernandez. Hernandez stated that the Cornell Co. has a contract with the Burrow of Prisons to house federal prisoners. Hernandez identified Hastings as being one of his prisoners and stated that he would be contacting the appropriate federal authorities to advise them of the situation. I provided Hernandez with our case number and advised him that Hastings would most likely be transported to the Placer County Jail.

**HASTINGS CRIMINAL HISTORY:**

Hastings did not have any wants or warrants but admits to being a federal prisoner for conspiracy to commit bank fraud.

| REPORTING OFFICER ID | DATE / TIME | INFO | SOMETHING DATA | APPROVED BY | DATE / TIME |
|---|---|---|---|---|---|
| Beigh, J #1006 | 04-04-10/2200 | 10 | | OR367 | |

Apr. 6. 2010  1:13PM    Roseville Police                     No. 9205  P. 10

( ) CONTINUATION REPORT
() SUPPLEMENTAL REPORT

## ROSEVILLE POLICE DEPARTMENT
1051 Junction Blvd, Roseville, CA 95678
CA 0310500 ~ (916) 774-5000

| | | | | | | | | | | | | | | | | JULIAN | YEAR | RPT REQUEST |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | OTHER | 94 | 10 | 4121 |

| COPY TO: | ATTY | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| CRIME / INCIDENT | CLASSIFICATION | | DATE OCCURRED | TIME OCCURRED |
|---|---|---|---|---|

| REPT (V) LEGAL NAME (LAST, FIRST, MIDDLE) | | DATE SUPPLEMENTAL | TIME SUPP |
|---|---|---|---|

**EVIDENCE:**

I later returned to the police department where I booked the fake ID, picture used for the ID, $383.00, CD containing pictures and the piece of paper with ▓▓▓▓▓information on it into evidence.

I attempted to contact both the Office Depot in Roseville and the CVS Pharmacy in Roseville but was unable to get a hold of anyone due to it being after hours. At this time, Office Depot and CVS Pharmacy have not been substantiated as victims and no reports have been taken. I located ▓▓▓▓ out of Bakersfield and he has no local history. I was unable to locate a contact number for▓▓▓▓ to see if he was the victim of a crime.

The true identity of S-2 (Mia) is unknown.

**RECOMMENDATIONS:**

Forward to the DA for prosecution against Hastings.

Forward a copy of this report to Investigations for review.

| REPORTING OFFICER BY | DATE / TIME | DISPO | CONNECTING CASE | APPROVED BY | DATE / TIME |
|---|---|---|---|---|---|
| Beigh, J #1066 | 04-04-10/2200 | 10 | | ▓▓▓▓7 | |

LIMITED OFFICAL USE

logo

UNITED STATES MARSHALS SERVICE
PRISONER TRACKING SYSTEM
DISTRICT OF EASTERN CALIFORNIA CA/E SACRAMENTO
DISTRICT: 97 OFFICE: CA/E SACRAMENTO
INDIVIDUAL CUSTODY AND DETENTION REPORT USM 129
NAME: HASTINGS, SHAREEF HASAN
USMS NUMBER: 97778011

## I. IDENTIFICATION DATA

USMS NUMBER: 97778011              NAME: HASTINGS, SHAREEF HASAN
ADDRESS: HOMELESS ,               PHONE:
DOB: 1979      AGE: 31            POB: BERKELEY, CA

SEX: M    RACE: B    HAIR: BLK    EYE: BRO    HEIGHT: 508    WEIGHT: 140
SSN:                 FBI NBR: 381454EB2   ALIEN NBR:

| DETAINER DATE | ACTIVE | AGENCY | REMARK |
|---|---|---|---|
| **/**/**** | N | | |

| PRISONER ALIAS | ALIAS REMARK |
|---|---|
| COLEMAN, PATRICK | |

## II. CASE INFORMATION

| CTR | STATUS | COURT CASE NUMBER | FEDERAL COURT CITY | JUDGE | US ATTORNEY | DEFENSE ATTORNEY |
|---|---|---|---|---|---|---|
| 1 | CASE-RESOLVED | CR-06-00336-1 SBA | CA/N OAKLAND | ARMSTRONG, SANDRA | FENRICK, ALICIA | LEAVITT, JOYCE |
| 2 | CASE-RESOLVED | CR 08-00763 CW | CA/N OAKLAND | WILKEN, CLAUDIA | | LEAVITT, JOYCE |
| 3 | WT-TRIAL | | CA/E SACRAMENTO | | | |

| CTR | ARREST DATE | ARRESTING AGENCY | ARREST LOCATION | WARRANT NUMBER |
|---|---|---|---|---|
| 1 | 05/04/2006 | UNITED STATES MARSHALS SERVICE | SF COUNTY JAIL | |
| 2 | 12/05/2008 | USMSARUSM0400 | NCJ ARREST FINISH LOCAL | |
| 3 | 03/30/2011 | UNITED STATES MARSHALS SERVICE | CSP SACRAMENTO | |

| CTR | OFFENSE CODE | OFFENSE | REMARK | DISPOSITION |
|---|---|---|---|---|
| 1 | 2699 | Fraud | 18 USC 1344 DEFRAUD FINANCIAL INSTITUTION | Guilty |
| 2 | 4901 | Escape | INDICTED 11/5/08 | Guilty |
| 3 | 4901 | Escape | | |

| CTR | SENTENCE DATE | SENTENCE | APPEAL DATE |
|---|---|---|---|
| 1 | 05/22/2007 | 41 MONTHS BOP AND TSR 5YRS | **/**/**** |
| 2 | 02/04/2009 | TWELVE MO. & 1 DAY BOP & 3 YRS. SUPERV. RELEASE | **/**/**** |

03/31/2011 13:21 Page 2 of 2

logo

LIMITED OFFICAL USE
UNITED STATES MARSHALS SERVICE
PRISONER TRACKING SYSTEM
DISTRICT OF EASTERN CALIFORNIA CA/E SACRAMENTO
DISTRICT: 97 OFFICE: CA/E SACRAMENTO
INDIVIDUAL CUSTODY AND DETENTION REPORT USM 129
NAME: HASTINGS, SHAREEF HASAN
USMS NUMBER: 97778011

## III. STATUS HISTORY

| CTR | STATUS | STATUS DATE | CUSTODY DATE | RELEASE DATE | REMARK |
|-----|--------|-------------|--------------|--------------|--------|
| 1 | ARREST | 05/04/2006 | 05/04/2006 | 05/04/2006 | |
| 1 | WT-TRIAL | 05/04/2006 | 05/04/2006 | 07/06/2007 | |
| 1 | CASE-RESOLVED | 07/06/2007 | 07/06/2007 | 07/06/2007 | |
| 2 | ARREST | 12/05/2008 | 12/05/2008 | 12/05/2008 | |
| 2 | WT-TRIAL | 12/05/2008 | 12/05/2008 | 02/04/2009 | SENT USM 41 TO 9GG TO ASSUME CUST |
| 2 | RC-J/C | 02/04/2009 | 02/04/2009 | 05/13/2009 | |
| 2 | CASE-RESOLVED | 05/13/2009 | 05/13/2009 | 05/13/2009 | |
| 3 | ARREST | 03/30/2011 | 03/30/2011 | 03/30/2011 | |
| 3 | WT-TRIAL | 03/30/2011 | 03/30/2011 | **/**/**** | |

## IV. CHRONOLOGICAL PRISONER HISTORY

| INST CODE | INSTITUTION NAME | ADMIT DATE | RELEASE DATE | DAYS BOARDED | ACTION OR DISPOSITION |
|-----------|------------------|------------|--------------|--------------|-----------------------|
| 9GG | Glenn Dyer Facility | 05/04/2006 | 05/05/2006 | 1 | |
| 9TV | Santa Rita Co Jail | 05/05/2006 | 06/01/2006 | 27 | |
| 9GG | Glenn Dyer Facility | 06/01/2006 | 07/06/2007 | 400 | |
| 9GG | Glenn Dyer Facility | 12/05/2008 | 03/18/2009 | 103 | |
| DUBD | Dublin Detn Ctr | 03/18/2009 | 05/13/2009 | 56 | |
| 9DE | Sacramento Co Jail | 03/30/2011 | **/**/**** | 1 | |
| | | | TOTAL DAYS BOARDED | 588 | |

## V. MEDICAL CONDITION/TREATMENT HISTORY

| DATE SERVICE PROVIDED | VENDOR | SERVICE PROVIDED |
|-----------------------|--------|------------------|
| **/**/**** | | |

```
CSCD3   540*23 *                 SENTENCE MONITORING              *    04-04-2011
PAGE 001        *                COMPUTATION DATA                 *    13:49:04
                                 AS OF 04-04-2011
```

REGNO..: 97778-011 NAME: HASTINGS, SHAREEF HASAN

```
FBI NO..........: 381454EB2          DATE OF BIRTH:        979
ARS1............: CSC/A-ADMIN
UNIT............:                     QUARTERS.....:
DETAINERS.......: NO                  NOTIFICATIONS: NO
```

HOME DETENTION ELIGIBILITY DATE: 11-08-2009

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  04-11-2011 VIA GCT REL

----------------------CURRENT JUDGMENT/WARRANT NO: 010 ---------------------

```
COURT OF JURISDICTION...........: CALIFORNIA, NORTHERN DISTRICT
DOCKET NUMBER...................: CR-06-00336-001 SBA
JUDGE...........................: ARMSTRONG
DATE SENTENCED/PROBATION IMPOSED: 05-22-2007
DATE COMMITTED..................: 08-08-2007
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO
```

```
                    FELONY ASSESS  MISDMNR ASSESS  FINES      COSTS
NON-COMMITTED.:     $100.00        $00.00          $00.00     $00.00
```

RESTITUTION...: PROPERTY: NO  SERVICES: NO        AMOUNT:  $193,000.00

-----------------------CURRENT OBLIGATION NO: 010 --------------- -----------
OFFENSE CODE....: 153
OFF/CHG: 18:1349 CONSPIRACY TO COMMIT BANK FRAUD

```
 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    41 MONTHS
 TERM OF SUPERVISION............:     5 YEARS
 DATE OF OFFENSE................: 01-01-2006
```

----------------------CURRENT JUDGMENT/WARRANT NO: 020 ------------------ - -

```
COURT OF JURISDICTION...........: CALIFORNIA, NORTHERN DISTRICT
DOCKET NUMBER...................: CR-08-00783-001 CW
JUDGE...........................: WILKEN
DATE SENTENCED/PROBATION IMPOSED: 02-04-2009
DATE COMMITTED..................: 05-13-2009
```

G0002      MORE PAGES TO FOLLOW . . .

```
CSCD3  540*23  *          SENTENCE MONITORING              *    04-04-2011
PAGE 002          *          COMPUTATION DATA               *    13:49:04
                                 AS OF 04-04-2011

REGNO..: 97778-011 NAME: HASTINGS, SHAREEF HASAN


HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

              FELONY ASSESS  MISDMNR ASSESS  FINES           COSTS
NON-COMMITTED.: $100.00       $00.00         $00.00          $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO     AMOUNT:  $00.00

-----------------------CURRENT OBLIGATION NO: 010 -------------------------
OFFENSE CODE....:   112
OFF/CHG: 18:751(A); ESCAPE FROM CUSTODY. (COUNT 1).

   SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
   SENTENCE IMPOSED/TIME TO SERVE.:   12 MONTHS     1 DAYS
   TERM OF SUPERVISION............:    3 YEARS
   DATE OF OFFENSE................: 10-05-2008

-----------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 04-04-2011 AT DSC AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010, 020 010

DATE COMPUTATION BEGAN..........: 05-22-2007
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 800 PLRA
TOTAL TERM IN EFFECT............:   53 MONTHS     1 DAYS
TOTAL TERM IN EFFECT CONVERTED..:    4 YEARS     5 MONTHS     1 DAYS
AGGREGATED TERM OF SUPERVISION..:    5 YEARS
EARLIEST DATE OF OFFENSE.......: 01-01-2006

JAIL CREDIT....................:   FROM DATE      THRU DATE
                                   02-23-2006     05-21-2007

INOPERATIVE TIME..........: REASON    FROM DATE      THRU DATE
                            ESCAPE    10-06-2008     12-04-2008
                            ESCAPE    04-05-2010     03-29-2011




G0002        MORE PAGES TO FOLLOW . . .
```

```
CSCD3  540*23 *          SENTENCE MONITORING          *    04-04-2011
PAGE 003 OF 003 *         COMPUTATION DATA            *    13:49:04
                          AS OF 04-04-2011
```

REGNO..: 97778-011 NAME: HASTINGS, SHAREEF HASAN

```
TOTAL PRIOR CREDIT TIME.........: 453
TOTAL INOPERATIVE TIME..........: 419
TOTAL GCT EARNED AND PROJECTED..: 160
TOTAL GCT EARNED................: 108
STATUTORY RELEASE DATE PROJECTED: 04-11-2011
EXPIRATION FULL TERM DATE.......: 09-18-2011


PROJECTED SATISFACTION DATE.....: 04-11-2011
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: COMP UPDATED TO REFLECT DIS/GCT:10-03-08, 10-05-08.
                FORM 768 RECVD:01-30-09.
                COMP UPDATED TO REFLECT ADDITIONAL J&C ORDER FOR ESCAPE:
                02-04-09. 07-08-09 GCT DIS.  04-09-10 ENTERED 907 (ESC STATUS)
                S/SDP 04-04-11 UPDATED COMP FOR APH. S/PAB
```

G0000        TRANSACTION SUCCESSFULLY COMPLETED